IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| VIRGILIO ROSALES | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-81 |
| WARDEN, USP BEAUMONT | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Virgilio Rosales, a federal prisoner currently confined at USP Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont , Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. As outlined by the Magistrate Judge, the Supreme Court has not expressly held that *Mathis* applies retroactively to cases on collateral review. *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Fifth Circuit's decision in *Hinkle* does not compel a different result as the court applied *Mathis* on direct appeal, not collateral review. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Moreover, *Hinkle* was decided by the Fifth Circuit Court of Appeals and not by the Supreme Court.

Finally, petitioner challenges a sentencing enhancement. Thus, petitioner's challenge does not suggest that he was convicted of a nonexistent offense. See in re Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a

claim of actual innocence of the crime of conviction and, thus, is not the type of claim that warrants review under § 2241); Padilla v. United States, 16 F.3d 424, 427 (5th Cir. 2005); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000). Petitioner's objections lack merit.

**SIGNED** this the 2 day of **January, 2019.**

_____
Thad Heartfield
United States District Judge